UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

CHRISTOPHER MORTON, )
 )
    Plaintiff, )
 )
v. ) No. 4:22-CV-036-KAC-CHS
 )
SHANE GEORGE, SAM BRAGGS, and )
BEDFORD COUNTY JAIL, )
 )
    Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate of the Bedford County Jail, filed (1) a pro se Complaint under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)[1] challenging events before and during his current confinement [Doc. 1] and (2) a motion for leave to proceed *in forma pauperis* [Doc. 7]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 7] and **DISMISSES** this action because the Complaint fails to state a claim upon which relief may be granted.

**I.    MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 7] that he is unable to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis*.

---

[1] *Bivens* governs claims against persons acting under federal law and is analogous to Section 1983, which governs claims against persons acting under state law. *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006). The limited information Plaintiff provided in his Complaint regarding Defendants does not suggest that any Defendant was acting under federal law with regard to the actions alleged in the Complaint. Nevertheless, for the reasons that follow, the Complaint fails to state a claim upon which relief may be granted under Section 1983 or *Bivens*, to which "the same legal principles apply," *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014).

Plaintiff will be **ASSESSED** the $350.00 civil filing fee. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, United States District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six months before the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk will be **DIRECTED** to provide a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy. This document shall be placed in Plaintiff's file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Screening Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. §§ 1915(e)(2)(B); *see also Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme

2

Case 4:22-cv-00036-KAC-CHS   Document 8   Filed 01/17/23   Page 2 of 8   PageID #: 17

Court articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Complaint Allegations

First, Plaintiff asserts that unspecified state or local officials have violated his rights under Section 1983 by not providing him a fair and speedy trial, harassing him, falsely imprisoning him, and using "[d]roin [sic] surveillance . . . for stalking" [Doc. 1 at 3]. Next, he alleges that unspecified federal officials violated his Fourth Amendment rights [*Id.*]. Plaintiff also claims that (1) unnamed individuals have used "'droins [sic]'" to harass him and gain unlawful knowledge, (2) the Sheriff's Department Task Force has had "numerous cases of assault and attempted assault . . . [and] trespassing," and (3) "[t]hese officials and others, including the district attorney, "terr[or]ized [him]" [*Id.* at 4].

3

Plaintiff indicates that he is a pretrial detainee but has not had a preliminary hearing during his five (5) months in jail [*Id.* at 4]. And, in response to a question on the Complaint Form asking him to describe the claims giving rise to his Complaint, Plaintiff states that he has "too much to[] [write]," and that Bedford County officers have watched "'dope being 'planted' in [his] house then [come] back when [he is] home[] and com[e] in with no warrant" [*Id.*]. Underneath this statement, Plaintiff writes "Shane George" [*Id.*].

Plaintiff also indicates that while he was in jail on an unspecified date, he "[h]ad his face broke . . . with staged attack[] by BCJ etc." and that his attacker was Jonathan Fowler, but that he did not get a bail reduction or any "'real' legal help" after this attack [*Id.* at 4-5].

Plaintiff then states that one of the claims giving rise to his Complaint occurred on January 19, 2019, and that he will have to research dates of the other attacks and arrest [*Id.* at 5]. Also, the district attorney allegedly forced Plaintiff to drop the charges arising out of Jonathon Fowler's attack on him, and unspecified jail officials denied him medical care "until next day of attack [sic]" and told him that "it was on [him] and they would not cover it" after he bonded out [*Id.*].

Plaintiff additionally asserts that Defendant Sam Braggs issued a warrant that resulted in him being falsely arrested [*Id.*].

Plaintiff sued Shane George,[2] Sam Braggs, and the Bedford County Jail [*Id.* at 1]. Plaintiff sued the individual Defendants in their official capacities only and sued Bedford County Jail in

---

[2] The caption of Plaintiff's Complaint lists "17th District Judicial Task Force" before "Shane George," and Plaintiff included a bracket linking these items together [*See* Doc. 1 at 1]. Then, in the portion of the Complaint Form that asks Plaintiff to provide the name and certain information for each Defendant, Plaintiff names "Shane George" and lists his title as the "Director" of the "17th Judicial Task Force" [*Id.* at 2]. But Plaintiff does not name the "17th District Judicial Task Force" as a Defendant [*See id.* at 2-3]. As such, it appears that Plaintiff only intended to sue "Shane George" the Director of the 17th Judicial Task Force and not the "17th Judicial Task Force" separately.

4

both its individual and official capacities [*Id.* at 2-3]. As relief, Plaintiff requested that all people involved in his claims be fired and prosecuted, and he requested compensatory damages [*Id.* at 5].

### C. Analysis

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983. And *Bivens* provides a parallel remedy based on the same conduct against persons acting under color of federal law. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) (citation omitted).

For the reasons set forth below, Plaintiff's Complaint fails to state a claim upon which relief may be granted under Section 1983 or *Bivens*. Plaintiff's Complaint generally sets forth some factual allegations and/or legal claims, but he does not connect those allegations and/or legal claims to any named Defendant. However, the Court liberally construes the Complaint to assert that (1) Defendant Shane George is liable for Bedford County officers watching individuals plant drugs at Plaintiff's house and then arresting Plaintiff without a warrant when he came home; (2) Defendant Sam Braggs is liable for signing a warrant that resulted in false arrest/imprisonment of Plaintiff; and (3) Defendant Bedford County Jail is liable for Jonathon Fowler's attack on Plaintiff.

#### 1. Facts and Claims Unconnected to any Defendant

Plaintiff's Complaint sets forth factual allegations and/or legal claims that he does not connect to any named Defendant. These unconnected allegations and/or claims fail to state a claim upon which relief may be granted as to any named Defendant. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under Section 1983).

5

### 2. Defendant George

Liberally construing the Complaint in Plaintiff's favor, Plaintiff seeks to hold Defendant George, Director of the 17th Judicial Task Force, liable for Bedford County officers seeing individuals planting drugs in Plaintiff's home while he was not there and later arresting Plaintiff without a warrant when he came home [Doc. 1 at 4]. However, Plaintiff provides no facts from which the Court can plausibly infer that Defendant George was personally involved in this incident, *id.*, nor does the Complaint set forth any other facts from which the Court could plausibly infer that Defendant George may be liable for these events. *See Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 487 (6th Cir. 2020); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (providing that Section 1983 liability cannot be premised upon a theory of respondeat superior). Accordingly, the Complaint fails to state a claim upon which relief may be granted as to Defendant George.

### 3. Defendant Braggs

Plaintiff alleges that his false arrest and/or imprisonment arose from Defendant Braggs signing a warrant. But such claims[3] require Plaintiff to establish that Defendant Braggs lacked probable cause for the arrest and/or imprisonment, *see Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005), and Plaintiff has not set forth any facts from which the Court can plausibly infer such facts.[4] As such, the Complaint likewise fails to state a claim upon which relief may be granted under Section 1983 as to Defendant Braggs.

---

[3] Under federal law, false arrest is a species of false imprisonment, and, as such, the Supreme Court has referred to these torts collectively as "false imprisonment." *Wallace v. Kato*, 549 U.S. 384, 388-99 (2007).

[4] It is evident that Plaintiff's claim accusing Defendant Braggs of signing a warrant arises from a different arrest than the allegedly warrantless arrest for which Plaintiff seeks to hold Defendant George liable, and nothing in the Complaint suggests these arrests are related.

####    4.    Defendant Bedford County Jail

Finally, although Plaintiff has named the Bedford County Jail as a Defendant, it is not an entity subject to suit under Section 1983. *See, e.g.*, *Cage v. Kent Cnty. Corr. Facility*, No. 96-1167, 1997 WL 225647, at *1 (6th Cir. May 1, 1997) (stating that "[t]he district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983"). Moreover, Plaintiff does not allege that a custom or policy of Bedford County caused any violation of his constitutional rights, such that the Court could liberally construe the Complaint to state a claim upon which relief may be granted under Section 1983 against the County. *See, e.g., Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 708 (1978) (Powell, J., concurring) (explaining a municipality can only be held liable for harms that result from a constitutional violation when that underlying violation resulted from "implementation of [its] official policies or established customs"). Thus, the Complaint fails to state a claim upon which relief may be granted under Section 1983 as to Defendant Bedford County Jail.

### III.   CONCLUSION

For the reasons set forth above:

1. The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 7];

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set forth above;

4. The Court **DIRECTS** the Clerk to provide a copy of this Memorandum Opinion and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the Complaint in the light most favorable to Plaintiff, it fails to state any claim upon which relief may be granted under Section 1983;

6. Accordingly, the Court **DISMISSES** this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER**.

**ENTER:**  s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge